**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**CEDEAL HARPER,**

     **Plaintiff,**

**v.**                                 **Case No. 2:13-cv-19796**

**MICHAEL BLAGG, Sergeant
LT. MARGARET CLIFFORD,
CAPTAIN JAMES MCCLOUD,
JASON COLLINS, Associate Warden, Programs,
PAUL PERRY, Associate Warden, Security,
DAVID BALLARD, Warden, and
JIM RUBENSTEIN, Commissioner,
individually and in their official capacities,**

     **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On July 15, 2013, the plaintiff filed a Complaint alleging a deprivation of his constitutional rights arising out of an incident involving the deployment of pepper spray against the plaintiff while he was shackled and handcuffed. (ECF No. 2.)   Pending before the court is the plaintiff's Motion for Default Judgment (ECF No. 20), with an accompanying Declaration for Entry of Default (ECF No. 21.)  In that motion, which was filed on September 12, 2013, the plaintiff asserts that the defendants had not filed an answer or other defend the allegations in the plaintiff's Complaint, within the time period allotted by the Federal Rules of Civil Procedure.   The plaintiff's motion is unfounded.

According to the return receipts, the summonses for all of the defendants were served by certified mail between August 7, 2013 and August 12, 2013.  Accordingly, the

defendants' answers or other responses were due either on August 28, 2013 or September 3, 2013, depending on the date of service.  (*See* ECF Nos. 8-14.)  On August 28, 2013, defendants Blagg, Clifford and McCloud, by counsel, John P. Fuller of Bailey & Wyant, filed an Answer to the Complaint.  (ECF No. 15.)  On that same date, defendants Ballard, Collins, Perry and Rubenstein, also by their counsel, Mr. Fuller, filed a Motion to Dismiss (ECF No. 17.) and a Memorandum in support thereof (ECF No. 18.)

On September 5, 2013, the undersigned entered an Order advising the plaintiff of his right to file a response to the Motion to Dismiss, and setting deadlines for a response and reply.  (ECF No. 19.)

The plaintiff filed the instant Motion for Default Judgment on September 12, 2013.  (ECF No. 20.)  Then, on September 16, 2013, having received the undersigned's Order, and apparently having still not received his service copy of the Motion to Dismiss and other documents filed by the defendants, the Clerk's Office received a letter from the plaintiff requesting a copy of the docket sheet and copies of the defendants' answer and motion documents.  (ECF No. 23.)

On September 13, 2013, the defendants filed a response to the plaintiff's Motion for Default Judgment, setting forth the dates that their answer and motion documents were filed and mailed to the plaintiff.  (ECF No. 22.)  Nevertheless, on September 20, 2013, the defendants' counsel mailed the plaintiff another copy of every pleading filed by the defendants in this matter.  (ECF No. 24.)  Thus, the plaintiff should now be in possession of all of those documents.

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the

Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).  Where a defaulting party has taken "reasonably prompt" action to cure the default and has asserted a meritorious defense, default judgments are not favored.

The fact of the matter is that, prior to the filing of the plaintiff's Motion for Default Judgment, all of the defendants had filed an appropriate response to the Complaint in the Clerk's Office.  The plaintiff has suffered no prejudice or delay resulting from the defendants' conduct, and the plaintiff's claims do not fall into one of the limited circumstances in which default judgment may be granted, because he cannot prove a sum certain for his damages.

Under these circumstances, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Motion for Default Judgment is not warranted.  Thus, it is respectfully **RECOMMENDED** that the Motion for Default Judgment (ECF No. 20.) be **DENIED**.  By separate order entered this same day, the deadlines for the plaintiff's response and the defendants' reply to the Motion to Dismiss have been extended.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

September 25, 2013

Dwane L. Tinsley
United States Magistrate Judge