**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CEDEAL HARPER,

               Plaintiff,

v.                                      CIVIL ACTION NO.   2:13-cv-19796

MICHAEL BLAGG, et al.

               Defendants.

**MEMORANDUM OPINION AND ORDER
AND CERTIFICATION THAT APPEAL IS
NOT TAKEN IN GOOD FAITH**

Plaintiff has noticed an interlocutory appeal [ECF 50] of the Court's March 18, 2014 Memorandum Opinion and Order [ECF 47] granting the motion to dismiss filed by former Defendants David Ballard, Jason Collins, Paul Parry, and Jim Rubenstein.   The Court has today denied Plaintiff leave to proceed on appeal *in forma pauperis*.

Federal Rule of Appellate Procedure 3 governs appeals as of right from a district court to a court of appeals and prescribes, among other things, the filing requirements and contents of the notice of appeal.   Further, Rule 3(e) provides:   "Upon filing a notice of appeal, the appellant must pay the district clerk all required fees.   The district clerk receives the appellate docket fee on behalf of the court of appeals."

Federal Rule of Appellate Procedure 24(a)(1) generally requires that a party to a district court action who desires to appeal *in forma pauperis* file a motion with the district court.   Federal

Rule of Appellate Procedure 24(a)(3)(A) & (B) provides in pertinent part that a party who was permitted to proceed *in forma pauperis* in the district court action may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith or a statute provides otherwise.

Title 28, United States Code, Section 1915 governs *in forma pauperis* proceedings and provides in pertinent part as follows:

(a)(1)   Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.   Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2)   A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(3)   An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b)(1)   Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

(A)   the average monthly deposits to the prisoner's account; or

(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

2

(2)   After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3)   In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

(4)   In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

On August 6, 2013, United States Magistrate Judge Dwane L. Tinsley granted Plaintiff's application to proceed in this Court without prepayment of fees and costs [ECF 6].   A prisoner who seeks to proceed *in forma pauperis* on appeal, however, must first obtain leave to so proceed despite the fact that he was permitted to proceed *in forma pauperis* in the district court. *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1152–53 (10th Cir. 2009) ("Rule 24(a)(3) has provided that a party who was permitted to proceed in forma pauperis in the district court may continue to proceed in forma pauperis in the court of appeals without further authorization, subject to certain conditions.   The PLRA, by contrast, provides that a prisoner who was permitted to proceed in forma pauperis in the district court and who wishes to continue to proceed in forma pauperis on appeal may not do so 'automatically', but must seek permission.") (citing *Morgan v. Haro*, 112 F.3d 788, 789 (5th Cir. 1997) ("A prisoner who seeks to proceed IFP on appeal must obtain leave to so proceed despite proceeding IFP in the district court.").   Thus, notwithstanding the Court's original order permitting Plaintiff to proceed without prepayment of fees and costs in the district court, Plaintiff is now obligated under 28 U.S.C. § 1915(a)(1) to seek authorization to proceed *in forma pauperis* for his appeal from this Court.   Plaintiff has not sought leave to

proceed *in forma pauperis* with his appeal of the Court's March 18, 2014 Memorandum Opinion and Order.

Despite Plaintiff's procedural misstep, this error is of no practical consequence because Plaintiff's notice of appeal is an attempt to appeal an order that cannot be appealed at this stage of the case.   Consequently, Plaintiff's notice of appeal is not taken in good faith.   "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review."   *Cruz v. Hauck*, 404 U.S. 59, 62 (1971).[*]   Mindful that the matter of appellate jurisdiction is reserved to the court of appeals, in making its good faith assessment the Court notes that Plaintiff appears to be attempting to appeal an order dismissing some, but not all, of the Defendants in this case.   As such, this is an interlocutory order and, in the absence of the Court's certification under Federal Rule of Civil Procedure 54(b), it is not an appealable order.   *See Robinson v. Parke-Davis and Co.*, 685 F.2d 912, 913 (4th Cir. 1982) (stating that "[b]ecause the district court's order adjudicated 'fewer than all the claims or the rights and liabilities of fewer than all the parties' " and because the district court did not "'make an express determination that there [was] no just reason for delay and . . . an express direction for the entry of judgment,'" the order was still subject to revision by the district court and would be appealable only upon an express Rule 54(b) certification) (citing *Schnur & Co. v. McDonald*, 328 F.2d 103 (4th Cir. 1964) and Wright & Miller, 10 *Federal Practice & Procedure* § 2660 (1973)).   Accordingly, the Court certifies that, because Plaintiff's notice of appeal is procedurally barred, it necessarily fails to present a nonfrivolous question for review and, thus, is not taken in good faith.

---

[*]  The Court's research has revealed that pertinent case law addressing the good faith standard in the context of 28 U.S.C. § 1915 focuses on an examination of the *merits* of the issues raised by the appeal, rather than, as here, a jurisdictional or procedural rule that bars the appeal.   In certifying that this appeal is not taken in good faith under section 1915, the Court's ruling rests solely on the ground that the appeal is procedurally barred.

Defendant is advised that he may file a motion to proceed on appeal *in forma pauperis* with the United States Court of Appeals for the Fourth Circuit in accordance with Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Order and Statement of Reasons to the Clerk of the United States Court of Appeals for the Fourth Circuit, counsel of record, and any unrepresented party.

ENTER:        April 4, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE