IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CEDEAL HARPER,

        Plaintiff,

v.              CIVIL ACTION NO.  2:13-cv-19796

MICHAEL BLAGG, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

  On July 15, 2013, Plaintiff Cedeal Harper, *pro se*, an inmate at the Mount Olive Correctional Complex ("prison") in Mount Olive, West Virginia, filed a Complaint alleging that his right to be free from cruel and unusual punishment under the Eighth Amendment was violated by the prison officials when he was pepper sprayed while sitting handcuffed and shackled in a common area of his segregation unit at the prison.  On February 11th, March 18th, and April 18, 2014, Plaintiff filed various documents seeking a preliminary injunction and a restraining order enjoining prison officials from using force against Plaintiff and other prison inmates unless he or the other inmates pose a threat to the prison staff.  (ECF 42, 48, 66.)  Plaintiff also seeks an order from this Court directing prison officials to remove him from the administrative segregation unit and enjoin prison officials from harassing, threatening, and retaliating against him for filing lawsuits, among other things.  Defendants filed a response in opposition to Plaintiff's request for injunctive relief (ECF 69).

By Standing Order entered on April 8, 2013, and filed in this case on July 16, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley filed a PF&R on May 21, 2014 [ECF 75]. In that filing, the magistrate judge recommended that this Court deny Plaintiff's motion for a preliminary injunction and restraining order.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R were due June 9, 2014. On June 3, 2014, Plaintiff filed his objection to the PF&R (ECF 81).

Plaintiff's Objection to the PF&R is a page and a half handwritten submission. The substance of his objection is as follows:

> 1. The Plaintiff objects to all of the Magistrate's Analysis. The preliminary injunctive relief the Plaintiff seek[s] is not "speculative." The Plaintiff has not only asserted "theoretical injury." Also, though the Defendants Ballard, Rubenstein, Collions and Perry have been dismissed with prejudice, as defendants in this matter, Honorable Thomas E. Johnston , United States District Judge, could reverse that decision.

> [A]ccordingly, the Plaintiff has established that he is likely to succeed on the merits of his claims and that he is likely to be irreparably harmed without preliminary injunctive relief. The Plaintiff meets all the preliminary injunction standards. Wherefore, the Plaintiff prays that this honorable court grant the motion for preliminary injunction in its entirety and/or any relief the court deems appropriate and necessary.

(ECF 81 at 1–2.)

In addressing Plaintiff's allegations, the magistrate judge set forth the correct legal standard governing preliminary injunctions (ECF 75 at 5–7). The magistrate judge applied that rigorous legal standard and found that Plaintiff had only asserted a theoretical injury and that his request for injunctive relief was speculative (ECF 75 at 7). The magistrate judge also noted that Defendants David Ballard and Jim Rubenstein have been dismissed from this case with prejudice.

In his brief objection, Plaintiff has offered only general and conclusory remarks. The magistrate judge applied a legal standard to Plaintiff's allegations and found that his claims were speculative. Therefore, the magistrate judge concluded that Plaintiff failed to satisfy the rigorous standard governing preliminary injunctions under *The Real Truth About Obama*, 575 F.3d 342, 345–347 (4th Cir. 2009). Plaintiff tenders only a conclusory "is not" response.

The issues at hand were correctly addressed by the magistrate judge and legally sound. Plaintiff has offered nothing other than a general and conclusory response to the PF&R and, thus, there is no reason to disturb the magistrate judge's findings and recommendation.

Accordingly, the Court **ADOPTS** the PF&R [ECF 75] and **DENIES** Plaintiff's motion for injunctive relief and a restraining order [ECF 42, 48, 66]. Pursuant to the Court's March 18,

3

2014, Order, this case remains referred to Magistrate Judge Tinsley for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 29, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE